UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2372

ROBERT JOHN RIGGINS,

Plaintiff - Appellant,

versus

MARY LOUISE O'BRIEN,

Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge.  (CA-03-313-A)

Submitted:  May 28, 2004                    Decided:  June 15, 2004

Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jerry M. Phillips, PHILLIPS, BECKWITH, HALL & CHASE, Fairfax, Virginia, for Appellant.  James A. Watson, II, COLTEN CUMMINS WATSON & VINCENT, P.C., Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robert John Riggins appeals the district court's order affirming the magistrate judge's order granting Mary Louise O'Brien's motion to quash service and dismissing Riggins' action. Riggins contends that the enforcement of his child support contract constituted "transacting any business" pursuant to the Virginia Long Arm Statute, Va. Code Ann. § 8.01-328.1(A)(1) (Michie Supp. 2002). The district court rejected this argument. Finding no error, we affirm.

This court reviews de novo the district court's legal conclusions concerning personal jurisdiction. Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Cir. 1993). When the district court decides a pretrial dismissal motion concerning personal jurisdiction without evidentiary hearings, then the plaintiff only has to prove a prima facie case of personal jurisdiction. Id. Further, all reasonable inferences are resolved in favor of the plaintiff. Id.

A two-step analysis is normally used by this court in determining issues of personal jurisdiction. Ellicott Mach. Corp., Inc. v. John Holland Party, Ltd., 995 F.2d 474, 477 (4th Cir. 1993). A court must first determine whether the forum state's long-arm statute confers jurisdiction over the non-resident defendant. Id. Assuming the requirements of the forum state's long-arm statute have been satisfied, the court must next determine

- 2 -

whether the exercise of personal jurisdiction over the non-resident defendant comports with federal constitutional standards of due process.  Id.

Virginia's Long Arm Statute states that:  "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action arising from the person's . . . [t]ransacting any business in this Commonwealth."  Va. Code Ann. § 8.01-328.1(A)(1). Upon review, however, we conclude that this statute does not apply to domestic relations issues such as child support disputes, which are instead governed by Va. Code Ann. §§ 8.01-328. 1(A) (8), (9) (Michie Supp. 2002).  Accordingly we affirm the district court's dismissal for lack of personal jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 3 -